UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------X
RAS JOSEPH,

*Plaintiff,*

-against-

UNITED STATES OF AMERICA, WARDEN HERMAN E. QUAY,
C.O. "JOHN" GRESHAN AND C.O. "JANE" DILONE, individually and
in their official capacity as officers or staff, (the first name "John" and "Jane"
being fictitious, as the true first names are presently unknown),

*Defendants.*

**COMPLAINT**

JURY TRIAL
DEMANDED

*Civil Action No._____*

------------------------------------------------------------------------------------------X

Plaintiff **RAS JOSEPH,** by his attorneys **THE LAW OFFICE OF ELLIE SILVERMAN, P.C.,** AND **THE LAW OFFICES OF GREGG A. PINTO** complaining of Defendants **UNITED STATES OF AMERICA, WARDEN HERMAN E. QUAY, C.O. "JOHN" GRESHAN AND C.O. "JANE" DILONE**, individually and in their official capacity as officers or staff, (the first name "John" and "Jane" being fictitious, as the true first names are presently unknown), respectfully alleges upon information and belief:

**PRELIMINARY STATEMENT**

1.      This is an action in which the plaintiff seeks relief by the laws and Constitution of the State of New York and under the Federal Tort Claims Act for damages for personal injuries suffered by him as a result of the negligence on the part of the defendant by its agents servants and employees in the maintenance, operation and control of its facility located at the Metropolitan Detention Center, Brooklyn, New York.  Plaintiff also seeks damages for civil rights violations, namely violations of Plaintiff's rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution.  Plaintiff also seeks compensatory damages, both affirmative and equitable relief, an award of costs and such other relief as this Court deems equitable and just.

1

**VENUE, JURISDICTION AND NOTICE OF CLAIM**

2.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

3.      Jurisdiction of this Court is pursuant to 39 U.S.C. §409.

4.      On or about August 14, 2019, Plaintiff timely submitted his administrative claim of injury to the United States Federal Bureau of Prisons-Northeast Regional Office (hereinafter, "United States Federal Bureau of Prisons"), detailing the events complained of. More than six months have elapsed since the filing of the Administrative Claim and adjustment or payment thereof has been denied, neglected or refused.

5.      Jurisdiction of this Court was invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

6.      Jurisdiction is also invoked herein pursuant to 28 U.S.C. § 2401(b), 39 C.F.R. 912(a); the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

7.      Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

8.      Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).  The Eastern District of New York is the proper venue because it is the judicial district wherein a substantial part of the events and omissions giving rise to this action occurred.

**PARTIES**

9.      Plaintiff is 39 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States currently residing in Brooklyn, New York.

2

10.     The United States Federal Bureau of Prisons was, and still is, at all times relevant herein, an independent agency of the Defendant **UNITED STATES OF AMERICA** and existing under and by virtue of the laws of the United States.

11.     The United States Federal Bureau of Prisons was, and still is, at all times herein, an independent agency created and authorized under the laws of the United States. Defendant **UNITED STATES OF AMERICA** is authorized to maintain a United States Federal Bureau of Prisons, which acts as its agent in the area of correctional facilities services and for which it is ultimately responsible. Defendant **UNITED STATES OF AMERICA** assumes the risks incidental to the maintenance of correctional facilities and the employment of United States Correctional Officers as said risks attaches to the individuals under care and custody of the United States Federal Bureau of Prisons. Defendant **UNITED STATES OF AMERICA** operates United States Federal Prisons Bureau, a department or agency of Defendant **UNITED STATES OF AMERICA** and responsible for the appointment, training, supervision, promotion and discipline of Correctional Officers and supervisory Correctional Officers.

12.     That at all times herein relevant, Defendant **UNITED STATES OF AMERICA** committed a tortious act within the State of New York.

13.     That at all times herein relevant, Defendant **UNITED STATES OF AMERICA**, committed a tortious act without the State of New York causing injury to person or property within the State of New York.

14.     That at all times herein relevant, Defendant **UNITED STATES OF AMERICA**, owns, uses or possesses any real property situated with the State of New York.

15.     That by virtue of the allegations above, Defendant **UNITED STATES OF AMERICA**, is subject to the laws of the State of New York pursuant to CPLR 302.

16.     At all times herein, all Defendants, its agents, servants and/or employees were acting under color of federal law.

3

17.     Defendant **HERMAN E. QUAY**, Warden of MDC, was at all times relevant to this Complaint acting within the scope and course of his employment with the BOP. As Warden of MDC, Defendant Quay is responsible for and oversees all day-to-day activity at MDC. He is responsible for all aspects of the operation and function of MDC. His responsibilities include ensuring the safety of all in the institution and ensuring the orderly running of the institution.  Defendant Quay knew that inmates injuring themselves on the steps near the shower/laundry were foreseeable in unit K83, he was personally aware of the conditions described below at all times relevant to the Complaint, and he failed to take adequate steps to prevent these conditions or alleviate them when they occurred.  He is sued in his individual capacity.

18.     **CORRECTION OFFICERS GRESHAN** and **DILONE** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of Defendant **UNITED STATES OF AMERICA,** specifically of the FEDERAL BUREAU OF PRISON.

19.     **CORRECTION OFFICERS GRESHAN** and **DILONE** were, and still are, at all times relevant herein, acting under color of law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **UNITED STATES OF AMERICA,** were acting for, and on behalf of, and with the power and authority vested in them by Defendant **UNITED STATES OF AMERICA** were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF FACTS

20.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

21.     At all times herein relevant, defendant **UNITED STATES OF AMERICA**, has been the owner of a certain premises known as Metropolitan Detention Center (MDC), located at

4

80 29th Street, City of Brooklyn, County of Kings and State of New York.

22.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees managed the aforesaid premises.

23.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees maintained the aforesaid premises.

24.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees controlled the aforesaid premises.

25.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees operated the aforesaid premises.

26.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees supervised the aforesaid premises.

27.     That at all times hereinafter mentioned, Defendant **UNITED STATES OF AMERICA,** by its agents, servants and/or employees inspected the aforesaid premises.

28.     At all times herein relevant, it was the duty of the Defendant **UNITED STATES OF AMERICA** to maintain the aforementioned premises mentioned above in a reasonably safe and suitable condition for inmates, invitees, visitors, patrons and guests.

29.     That on or about August 14, 2017, Plaintiff **RAS JOSEPH** was an inmate at the Metropolitan Detention Center located in Brooklyn, New York.

30.     That on or about August 14, 2017, in the evening time, Plaintiff **RAS JOSEPH**, was caused to slip and/or trip and fall due to broken, mis-leveled, hazardous, misshaped, disconfigured, cracked, improperly curved, worn, rounded off and otherwise defective step(s) and/or stair(s) on the staircase in front of, at, around or near the shower/laundry room in Unit K83.

31.     That at all times relevant to this complaint, additionally, there were no safety mats on the floor at, near or around the shower/laundry room area in Unit K83, in that they were missing or otherwise never replaced for months prior to the date of this incident.

5

32.     As a result of this fall, Plaintiff thereby sustained injuries and damages as hereinafter alleged.

33.     After Plaintiff **RAS JOSEPH** sustained the aforementioned injuries, Defendant, its agents, servants and/or employees denied Plaintiff his needed medical attention.

34.     After Plaintiff **RAS JOSEPH** sustained the aforementioned injuries, Defendant, its agents, servants and/or employees denied Plaintiff his needed medical attention.

35.     After Plaintiff **RAS JOSEPH** sustained the aforementioned injuries, Defendant, its agents, servants and/or employees deliberately delayed Plaintiff reasonable and/or adequate medical attention.

36.     After Plaintiff **RAS JOSEPH** sustained the aforementioned injuries, Defendant **UNITED STATES OF AMERICA**, its agents, servants and/or employees and specifically, **OFFICERS GRESHAN and DILONE** ignored or otherwise rejected Plaintiff's requests and pleas for medical attention.

37.     Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or employees and specifically, **OFFICERS GRESHAN and DILONE** threatened Plaintiff **RAS JOSEPH** that they would place him in solitary confinement if he continued to request reasonable and or adequate medical care.

38.     Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or employees and specifically, **OFFICERS GRESHAN and DILONE** forced the injured Plaintiff **RAS JOSEPH** to return to his cell rather than facilitate medical attention.

39.     Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or employees and specifically, **OFFICERS GRESHAN and DILONE** delayed his medical treatment for hours.

40.     When Plaintiff was finally transported to Brooklyn Hospital, the medical staff spent approximately four (4) hours "popping" his arm back into place.

41.     Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or

employees and specifically, **OFFICERS GRESHAN and DILONE** issued Plaintiff an exaggerated, fabricated, deceptive and retaliatory ticket, which was meritless and the charges were later dismissed and/or reduced.

42.    The infraction was solely retaliatory and a deflection from Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or employees and specifically, **OFFICERS GRESHAN and DILONE**'s refusal to provide adequate and/or reasonable medical attention.

43.    In the following months, he was denied necessary medical attention/treatment numerous times.

## NEGLIGENCE

44.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45.    That the aforementioned incident occurred solely as a result of Defendant, its agents, servants and/or employees and its agents, servants and/or employees' negligence without any negligence attributable in any measure to Plaintiff **RAS JOSEPH**.

46.    That the Defendant was negligent and careless in that it violated its duty to the Plaintiff **RAS JOSPEH** in particular and knowingly, suffering and allowing the aforementioned premises to be, become and remain in a defective, dangerous condition and Defendant, its agents, servants and/or employees  its agents, servants and/or employees were further negligent in failing to take suitable precautions for the safety of said persons using the aforementioned steps, floor and facility.

47.    That Plaintiff's injuries and damages referred to herein were caused solely by Defendant, its agents, servants and/or employees ' negligence by permitting a dangerous condition within said premises the Defendant, its agents, servants and/or employees  knew, or should have known, existed and continued to exist within said premises and/or by failing to warn plaintiff **RAS JOSEPH** of said dangerous condition.

48.     That the Defendant, its agents, servants and/or employees had the duty to see that the building and floors at the above-mentioned detention facility was kept reasonably safe and free of dangers and hazards to those inside the building thereat including the plaintiff herein.

49.     That the Defendant, its agents, servants and/or employees had a duty to maintain the property in a safe condition.

50.     That the Defendant, its agents, servants and/or employees breached their duty of reasonable care in this circumstance.

51.     That the Defendant, its agents, servants and/or employees knew or should have known in the exercise of reasonable care that a dangerous condition existed and failed to remedy that dangerous condition on the stairs and in the shower area where Plaintiff was caused to fall.

52.     Plaintiff has witnessed other inmates fall in the same area due to the negligence of Defendant, its agents, servants and/or employees.

53.     That by reason of the foregoing and as a result of the negligence of the Defendant, its agents, servants and/or employees , its agents, servants and/or employees, Plaintiff **RAS JOSEPH** has been rendered sick, sore, lame, maimed and disabled, and so remains due to the negligence of defendant.

54.     Plaintiff sustained serious and severe bodily injuries, including but not limited to injuries requiring surgery, extensive medical treatment, and significant physical rehabilitation.

55.     As a direct and proximate result of the physical injuries sustained by Mr. Joseph, he has been incapacitated from pursuing his usual activities, may be left with disabilities that will, in the future, similarly incapacitate him and cause him pain, suffering and future medical treatment.

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSITUTION (FOURTH, FIFTH, EIGHTH and FOURTEENTH AMENDMENTS) AND 42 U.S.C. § 1983

56.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. Defendant, its agents, servants and/or employees acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Eighth and Fourteenth Amendments.

58. Defendant, its agents, servants and/or employees individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

59. Defendant, its agents, servants and/or employees individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

60. Defendant, its agents, servants and/or employees individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

61. By the actions described above, Defendant, its agents, servants and/or employees initiated a retaliatory infraction against Plaintiff.

62. By the actions described above, Defendant, its agents, servants and/or employees lacked probable cause to believe the proceeding could succeed.

63. Defendant, its agents, servants and/or employees issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidating Plaintiff for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

64. Defendant, its agents, servants and/or employees acted with intent to do harm to Plaintiff without excuse or justification.

65. Defendant, its agents, servants and/or employees exposed Plaintiff to imminent and

9

substantial risks of harm by withholding and delaying medical treatment.

66. Defendant, its agents, servants and/or employees demonstrated deliberate indifference to the injury inflicted upon plaintiff.

67. Plaintiff suffered from the conditions of confinement in that he was deprived of proper, adequate, and/or reasonable medical care.

68. Defendant, its agents, servants and/or employees deprived Plaintiff of his right to receive medical treatment.

69. Defendant, its agents, servants and/or employees deprived Plaintiff of his basic needs, which included medical care and reasonable safety.

70. That the deprivation of medical treatment and delay in medical treatment resulted in Plaintiff's suffering.

71. Defendant, its agents, servants and/or employees were aware or should have been aware of these conditions, which were open and obvious in the area where the incident occurred.

72. Defendant, its agents, servants and/or employees knew of and disregarded an excessive risk to health and safety.

73. Defendant, its agents, servants and/or employees failed to act with reasonable care to mitigate these risks.

74. Because Defendant, its agents, servants and/or employees failed to act to remedy in violation of Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights, Plaintiffs seek damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

75. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical injuries, specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## DEMAND FOR A JURY TRIAL

76.     Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

      a.   Compensatory damages;

      b.   Punitive damages;

      c.   Declaratory relief;

      d.   Injunctive relief;

      e.   The convening and empanelling of a jury to consider the merits of the claims herein;

      f.   Costs and interest and attorneys' fees;

      g.   Such other further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           August 12, 2020

Yours, etc.

_____

Ellie A. Silverman, Esq.
**THE LAW OFFICE OF
ELLIE SILVERMAN, PC**
*Co-Counsel for Plaintiff*
**RAS JOSEPH**
401 Park Avenue South, 8th Floor
New York, New York 10016
215-620-6616

By:     */s/ Gregg A. Pinto*
       Gregg A. Pinto
       **THE LAW OFFICES OF
       GREGG A. PINTO**
       *Co-Counsel for Plaintiff*
       **RAS JOSEPH**
       225 Broadway, 3rd Floor
       New York, NY 10007
       (646) 328-2434